IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PATTI COOK,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL ASTRUE, Commissioner of the Social Security Administration,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING, IN PART, PLAINTIFF'S EAJA PETITION FOR ATTORNEY'S FEES<br><br><br><br>Case No. 2:06-CV-640 TS |

This matter is before the Court on Plaintiff's Petition for Attorney's Fees[1] under the Equal Access to Justice Act ("EAJA").[2]

Plaintiff was a prevailing party in her Social Security administrative appeal, which was remanded to the Commissioner, upon motion by the Commissioner,[3] on February 15, 2007.[4]

The EAJA requires a court to award a prevailing party attorney's fees, and other expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[5] The Commissioner has a burden to prove that his

---

[1] Docket No. 10.

[2] 28 U.S.C. § 2412.

[3] Docket No. 7.

[4] Docket No. 8.

[5] 28 U.S.C. § 2412(d)(1)(A).

position was substantially justified in that it had a reasonable basis in both law and fact.[6]

The Commissioner apparently concedes that his position was not substantially justified. However, the Commissioner objects and/or seeks clarification as to the amount of $5,264.47 requested by Plaintiff in several respects.

First, the Commissioner contends that Plaintiff improperly categorized as attorney services those by Joseph Massa. Mr. Massa attended law school, but is not a licensed attorney. Without a license to practice law, it is not appropriate to award attorney fees at the attorney rate.[7] Accordingly, as per the Commissioner's request, Mr. Massa's services will be awarded the paralegal rate of $60.00 per hour.

Second, the Commissioner appears to ask that counsel for Plaintiff be directed to reimburse Plaintiff $350 in filing fees incurred from costs awarded to Plaintiff. Presumably, Plaintiff paid these fees herself. The Court finds such request reasonable, and will so order.[8]

Third, the Commissioner requests the Court to examine counsel for Plaintiff's request to be reimbursed for $27.34 in costs for making a copy of the administrative record for use by counsel for Plaintiff. The Court declines to do so.

Finally, the Commissioner seeks to clarify that all attorney's fees awarded under the EAJA belong to Plaintiff and not her attorney. The Court agrees.

---

[6]*Gilbert v. Shalala*, 45 F.3d 1391, 1934 (10th Cir. 1995).

[7]*See, e.g.*, Docket No. 41 in case 2:02-CV-1243 DAK; Docket No. 31 in case 2:04-CV-224 PGC.

[8]The Court also notes that the Commissioner briefly discusses payment of costs under the Social Security Act. The Court believes that the Commissioner's intention was to address the procedural aspect of paying such costs, and does not find any issue with respect to an actual awarding of said costs under the EAJA.

It is therefore

ORDERED that Plaintiff's Motion is GRANTED IN PART.  Plaintiff shall be paid $2648.34 by the Commissioner for attorneys fees and other expenses incurred.

DATED   August 1, 2007.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge